UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL E. WATSON, ) | |
| ) | |
| Plaintiff, ) | No. 3:12-cv-01126 |
| ) | Judge Campbell |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a resident of Nashville, Tennessee. He brings this action under the Americans with Disabilities Act (ADA), 42 U.S.C. 1231-34, *et seq*., the Rehabilitation Act (RA), 29 U.S.C. §§ 701-795n, and a number of other federal statutes, against the United States Department of Justice, Attorney Garrett E. Asher, Dr. f/n/u Fogolin, the "Tennessee 6th Circuit Court," and the "Tennessee Appeals Court." (Docket No. 1).

**I. Plaintiff's Request for Accommodations**

In an "Emergency Motion" filed on November 5, 2012 (Docket No. 5), the plaintiff asked the court to accommodate the plaintiff's unspecified disabilities by appointing an ADA Coordinator and allowing the plaintiff to "communicate with the Court electronically." (*Id*. at p. 1). Because it was unclear from the plaintiff's motion what specific accommodations he seeks, the court directed the plaintiff "to clarify and fully explain the specific accommodations he seeks, and why." (Docket No. 9). The court held in abeyance the plaintiff's request for accommodation pending the receipt of the plaintiff's statement, which the court directed the plaintiff to provide to the court within ten (10) days of his receipt of the court's order. (*Id.*)

1

The court mailed the plaintiff a copy of the court's order and instructions by certified mail (Docket No. 10) but the plaintiff never claimed it, and the order was returned to the court (Docket No. 12). On December 28, 2012, approximately one month after the entry of the court's order, the plaintiff submitted another "Emergency Motion" in which he alleges:

> I have requested more than once for this Court to "accommodate" me by allowing for me to be registered so that I can electronically submit, review and retrieve documents to and from the Court but this Court has repeatedly denied me my "request" and has not provided me with a legal reason or a similar alternative offer in violation to the ADA.

(Docket No. 13 at pp. 3-4).

Contrary to the plaintiff's assertions, the court has never denied any request for accommodations by the plaintiff during the course of this case.[1] Because the nature of the plaintiff's prior request for accommodations was unclear,[2] the court ordered the plaintiff to clarify and fully explain the specific accommodations he seeks, and why. (Docket No. 9). The plaintiff did not respond to the court's explicit directive in a timely manner. However, in his motion submitted on December 28, 2012, the plaintiff appears to request permission to use electronic case filing.

As per Administrative Order No. 167 ("Administrative Practices and Procedures For Electronic Case Filing"), a party to an action who is not represented by an attorney may, with the

---

[1]The ADA applies to state and local governments and does not apply to this court. The ADA specifically prohibits a public entity from discriminating against a qualified individual with a disability, or excluding such an individual from participation in, or denying the individual the benefits of, any of the entity's services, programs, or activities. Generally speaking, a "public entity" means a state or local government; thus, Title II of the ADA incorporates the non-discrimination principles of § 504 of the Rehabilitation Act and extends them to state and local governments. 42 U.S.C. § 12132.

[2]As the court explained, the court is unable to discern whether the plaintiff seeks accommodations with regard to his receipt of court materials (*i.e.*, he wants the court to e-mail rather to mail correspondence to him) or whether the plaintiff seeks electronic access to docketing for purposes of filing pleadings and other documents. (Docket No. 5 at pp. 1-2).

2

Case 3:12-cv-01126   Document 17   Filed 01/17/13   Page 2 of 8 PageID #: 356

court's permission, seek to utilize electronic case filing. Training is required and is offered at the courthouse on a regular basis. Again, there is no proof in the record that, prior to December 28, 2012, the plaintiff had made an official request to utilize electronic case filing. Nevertheless, the court construes the plaintiff's motion filed on December 28, 2012, as a request for permission to utilize electronic case filing. If the plaintiff desires to utilize electronic case filing, he must contact Ann Frantz, Court Operations Manager, and arrange to attend the required training course. After the successful completion of the training course, the plaintiff must then file a motion to the court requesting permission to utilize electronic case filing in this case. Therefore, to the extent that the plaintiff's motions (Docket Nos. 5 and 13) request permission to attend the training course for electronic case filing, those motions in that respect will be granted. If the plaintiff seeks other accommodations, it is his responsibility to identify his specific requests in writing and submit those requests to the court in a timely manner.

## II.     Review Required Under 28 U.S.C. § 1915

The court must screen *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915(e)(2) to determine if the complaint contains claims that are frivolous, malicious, or fail to state claims upon which relief can be granted. *Id.*

The court has conducted an initial review of Watson's complaint under 28 U.S.C. § 1915. The court finds that the plaintiff has stated at least one colorable claim under the ADA and RA.

### A.     The plaintiff's HIPAA claims must be dismissed.

However, to the extent that the plaintiff seeks to hold any named defendant accountable for an alleged violation of the Health Insurance Portability and Accountability Act, 42 U.S.C. § 201 *et. seq*. (HIPAA), the court finds that the plaintiff has failed to state a claim upon which relief can be granted.

HIPAA is designed to protect the privacy of personal medication information by limiting its disclosure, and provides for both civil and criminal penalties for violations of its requirements. 42 U.S.C. §§ 1320d-5, d-6. However, HIPAA expressly provides the authority to enforce its provisions only to the Secretary of Health and Human Services. *Id*. While plaintiff Watson alleges that the defendants have violated his rights under HIPAA (Docket No. 1), the Supreme Court has stressed that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). For a private person to have the right to sue to enforce a federal statute, generally Congress must expressly authorize a private cause of action. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Congress did not do so in the statute; therefore, the terms of the statute do not provide Watson with any right of action for violations of HIPAA.

Even where Congress does not expressly create a private right of action, in limited circumstances such a right may be implied from the structure and scope of the statute. *Touche Ross*, 442 U.S. at 569. However, the courts reviewing HIPAA have spoken with one voice in holding that no private cause of action can be implied in favor of a private citizen to enforce its terms. *Smith v. Smith*, No. 07-CV-242-JBC, 2007 WL 233294, at *2 (E.D. Ky. Aug. 13, 2007)(collecting cases).

Because Watson has no private right of action under HIPAA, his HIPAA claims against all defendants will be dismissed with prejudice.

    **B.**     **All of the plaintiff's claims against the "Tennessee Appeals Court" must be dismissed, and the plaintiff's claims against the "Tennessee 6th Circuit Court" must be dismissed other than the plaintiff's claims under Title II of the ADA alleging that the court failed to accommodate his disabilities.**

In his complaint the plaintiff alleges a number of claims against the "Tennessee 6th Circuit

Court" and the "Tennessee Appeals Court." (Docket No. 1)(pages unnumbered). State court losers complaining of injuries caused by state court judgments are barred by the *Rooker-Feldman* doctrine from seeking review of the state court judgments in federal district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83, 486 (1983)("United States district courts . . . do not have jurisdiction [] over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this [the United States Supreme] Court."); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). "Lower federal courts possess no power whatever to sit in direct review of state court decisions." *Cleveland Surgi-Center v. Jones*, 2 F.3d 686, 691 (6th Cir. 1993); *Exxon Mobil Corp.*, 544 U.S. 280, 281 ("Federal district courts, *Rooker* recognized, are empowered to exercise only original, not appellate, jurisdictions."). Similarly, federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Clark v. Washington*, 366 F.2d 678 (9th Cir. 1966); *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Thus, the plaintiff may not attack state court proceedings or judgments in a collateral proceeding in federal court, such as in the instant case. Such a practice would amount to obtaining review in this court of a decision of a Tennessee state court. Consequently, to the extent that the plaintiff asserts claims against the "Tennessee 6th Circuit Court" and the "Tennessee Appeals Court" challenging the outcome of his case or cases in those courts, those claims must be dismissed.

However, as to the "Tennessee 6th Circuit Court" in particular, the plaintiff alleges that, in

5

violation of Title II of the ADA, the court failed to provide assistance to the plaintiff so that he could communicate with the court despite his disabilities. The plaintiff alleges that the needed a "legal reader" and additional time to respond to court deadlines because of his vision and hearing problems. (Docket No. 1 at p. 14). The ADA requires public entities to provide accommodations that allow disabled individuals to enjoy the same services provided to non-disabled persons. Pursuant to the Department of Justice's Regulations, 28 C.F.R. § 36.1601(b)(1), "[a] public entity shall furnish the appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoys the benefits of, a service, program, or activity conducted by a public entity." The definition of auxiliary aids includes:

> Qualified interpreters, note takers, transcription services, written materials, telephone handset amplifiers, assistive listening devices, assistive listening systems, telephones compatible with hearing aids, closed caption decoders, open and closed captioning, telecommunications devices for deaf persons (TDD's), videotext displays, or other effective methods of making aurally delivered materials available to individuals with hearing impairments.

28 C.F.R. § 35.104(1). Moreover, in *Tennessee v. Lane*, 541 U.S. 509 (2004), the Supreme Court held that, as it applies to the class of cases implicating the fundamental right of access to the courts, Title II of the ADA constitutes a valid exercise of Congress's authority under § 5 of the Fourteenth Amendment to enforce that Amendment's substantive guarantees. *Id.* at 534. Thus, an ADA action under Title II against a state regarding access to its courts is not barred by the Eleventh Amendment. *Id.* at 531-34.

Consequently, the plaintiff's allegations that the "Tennessee 6th Circuit Court" failed to provide accommodations to the plaintiff in violation of Title II of the ADA states a colorable claim. However, all other claims asserted against the state courts fail.

6
<sub>Case 3:12-cv-01126   Document 17   Filed 01/17/13   Page 6 of 8 PageID #: 360</sub>

### C. Any defamation claims arising out of events occurring prior to October 31, 2011, must be dismissed.

The complaint alleges that the defendants defamed the plaintiff. For example, the complaint alleges that in 2002 and again in 2006 Dr. Fogolin reported to the Department of Education that the plaintiff could work if he underwent treatment. According to the plaintiff, the report constituted defamation of the plaintiff's character.

A libel action involves written defamation and a slander action involves spoken defamation. *See Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.*, 876 S.W.2d 818 (Tenn. 1994). Tennessee Code Annotated § 28-3-103 states that "actions for slanderous words spoken shall be commenced within six (6) months after the words are uttered," and Tennessee Code Annotated § 28-3-104 states that any action for libel shall be commenced within one year.

The plaintiff filed this lawsuit on October 31, 2012. Any alleged slander or libel that occurred prior to October 31, 2011 is barred by the governing statute of limitations. The plaintiff may not pursue those defamation claims and they must be dismissed.

### D. Any requests by the plaintiff for this court to initiate a federal criminal prosecution as to any defendant must be denied.

Although it is unclear, it appears that the plaintiff may be asking the court to initiate criminal charges against some or all of the defendants. However, "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010)(quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). In addition, as a private citizen, Watson "has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). "[A] private citizen lacks a judicially cognizable interest in the prosecution or

7

nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Therefore, to the extent that the complaint petitions the court to initiate federal criminal prosecutions of any defendant, the complaint fails to state claims upon which relief can be granted.

### III. Conclusion

For the reasons explained herein, the court finds that the plaintiff has stated at least one colorable claim under the ADA and RA. 28 U.S.C. § 1915(e)(2). However, the plaintiff's HIPAA and defamation claims must be dismissed. Additionally, any attempts by the plaintiff to initiate criminal charges against any defendant must be dismissed. Finally, the plaintiff's claims against the "Tennessee 6th Circuit Court" and the "Tennessee Appeals Court" must be dismissed other than the plaintiff's claims against the "Tennessee 6th Circuit Court" alleging a violation of Title II of the ADA.

If the plaintiff desires to utilize electronic case filing, the plaintiff must follow the court's instructions as set forth in the contemporaneously entered order.

An appropriate order will be entered.

*Todd Campbell*
Todd J. Campbell
United States District Judge