UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL E. WATSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 3:12-1126 |
| ) | Judge Campbell/Brown |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, *et al.*, ) | |
| ) | |
| Defendants ) | |

TO:   THE HONORABLE TODD J. CAMPBELL

### **REPORT AND RECOMMENDATION**

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and for failure to obey Court orders.

### **BACKGROUND**

The Plaintiff filed his original complaint in this matter on October 31, 2012 (Docket Entry 1). The District Judge, in reviewing the Plaintiff's request to proceed *in forma pauperis*, requested various documents from the Plaintiff. Despite some difficulties in obtaining documentation, the District Judge allowed the

Plaintiff to proceed *in forma pauperis* (Docket Entry 9), and subsequently ruled on various emergency motions of the Plaintiff in a memorandum (Docket Entry 17) and an order (Docket Entry 18), which allowed certain of the Plaintiff's complaints to proceed. The order (Docket Entry 18) specifically directed the Plaintiff to complete service packets and return them to the Clerk's office within 20 days of receipt of the order and forewarned the Plaintiff that failure to return the completed service packets within the time required would jeopardize his prosecution of the action and that failure to keep a current address on file would also jeopardize the prosecution of his action.

The matter was referred to the undersigned for case management and a Report and Recommendation on any dispositive matters (Docket Entry 18).

In an order entered by the Magistrate Judge on February 7, 2013 (Docket Entry 25), the Magistrate Judge advised the Plaintiff that he had not returned the service of process for service by the Clerk, but had stated in an emergency motion for an extension of time (Docket Entry 16) that he had served The Department of Justice and that all Defendants named in his complaint, except for Dr. Fogolin and the Tennessee Appeals Court, had accepted the warrants.

Unfortunately, the Plaintiff did not provide any proof of the service and did not return service packets for the Marshals Service to effect service of process. On February 7, 2013, (Docket Entry 25) the Magistrate Judge specifically pointed out to the Plaintiff that he had not filed any return of service and that there was no proof that any of the Defendants had been served. The Plaintiff was advised that Rule 4 of

the Federal Rules of Civil Procedure allowed a plaintiff 120 days within filing a complaint to obtain service of process. Plaintiff was told to file with the Clerk, within 14 days of the entry of the order, proof of service of process on any Defendant and that to the extent he did not have service, that he should return the service packets to the Court for service by the Marshals Service within 14 days. The Plaintiff was again advised that failure to comply with the Court's direction could result in dismissal of some or all of his complaint.

When it appeared that the Plaintiff had neither returned the service packets nor filed proof of service of process on any Defendants, the Magistrate Judge issued an order on May 22, 2013 (Docket Entry 44) directing the Plaintiff to show cause why the Magistrate Judge should not recommend his case be dismissed for failure to

prosecute and for failure to obey Court orders. This order summarized the procedural history of the case to that point.

The Plaintiff was again specifically warned that failure to show good cause for failing to obtain service of process and failing to keep a current address on file with the Court would result in a recommendation that his case be dismissed.

Plaintiff filed a motion for leave of court on June 5, 2013 (Docket Entry 46), which did not specifically respond to the Magistrate Judge's order. It did not include service packets or any proof that the Plaintiff had obtained service of process on the remaining Defendants on his own. The Plaintiff did point out that he was having some difficulty in reading Court orders and had other physical ailments.

In response to this motion (Docket Entry 46), the Magistrate Judge entered another order on June 6, 2013 (Docket Entry 47) in which the Magistrate Judge had the order printed in large type to accommodate the Plaintiff's claims of poor eyesight. The order again repeated that there was no proof in the record that the Plaintiff had obtained service of process on anyone, the Plaintiff had not filed copies of the green cards showing actual service of process on any Defendant, or returned service packets so the Marshals Service could effect process. The Plaintiff was sent yet another set of service packets and given until July 8, 2013, to return them or to return green cards showing that he had obtained service of process. He was specifically warned yet again that failure to do one or the other would result in a recommendation that his case be dismissed for failure to prosecute and

failure to obey Court orders. In this order the Magistrate Judge offered the Plaintiff the opportunity to receive Court notices by email, provided that he give the Clerk an email address. He was also given the telephone number and email address of Ms. Frantz so that he could receive necessary training for use of the ECF system as he had previously requested.

Regretfully, it appears that the Plaintiff is not picking up certified mail and the Court's last two orders (Docket Entries 44 and 47) have been returned as unclaimed. However, the Clerk has also sent this material by regular mail and none of the regular mail has been returned.

## LEGAL DISCUSSION

Under Rule 4(m) if a defendant is not served within 120 days after the complaint is filed, the Court-on motion or on its own after notice to the plaintiff-must dismiss the action

without prejudice against the Defendant or order that service be made within a specific time. If a plaintiff can show good cause for the failure, the Court must extend the time of service for an appropriate period.

Since the Plaintiff is proceeding *in forma pauperis*, the Magistrate Judge believes that the 120 days should start on or about February 11, 2013, when the service packets should have been returned to the Clerk.

The Plaintiff has been repeatedly warned of the need to return the service packets and has been given more time to return them. Unfortunately, he has not returned the service packets, and he has not provided any proof whatsoever that he has obtained service of process on his own.

Under these circumstances, the Magistrate Judge believes that the Court is fully justified

in dismissing his case without prejudice for failure to obtain service of process.

The Magistrate Judge has attempted to accommodate the Plaintiff's various requests as best he is able. However, the Plaintiff having initiated the suit, appears unwilling to follow-up. Certainly, a case cannot proceed until the Defendants are served, and the Plaintiff has stubbornly refused to either show proof that he has obtained service of process on his own or to return service packets so the Marshals Service can serve process.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the Court find that this case be DISMISSED without prejudice for failure to prosecute and for failure to obey Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 16th day of July, 2013.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge